## Alson W. Freeman *v.* Alexander Sanner, Appellant.

*Practice, Superior Court—Appeals—Refusal to open judgment.*

On appeal from the decision of the common pleas refusing to open a judgment, the appellant must show wherein the legal discretion vested in that tribunal has been abused.

*Opening judgment—Error must be based on all testimony.*

The right to decide whether a judgment shall be opened rests in the first instance, with the common pleas, and its decision will not be set aside unless it plainly appears that error has been committed in the result reached.

The appellate court will not interfere with the judgment merely because part of the testimony submitted, considered apart from all the evidence offered, would warrant a reversal. It must clearly appear that the conclusion of the court below, based on all the testimony in the case, was erroneous.

Argued April 18, 1899.    Appeal, No. 66, April T., 1899, by defendant, from order of C. P. Fayette Co., March T., 1898, No. 105, refusing motion to open judgment.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Affirmed.    Opinion by SMITH, J.

Motion to open judgment.    Before MESTREZAT, P. J.

The facts sufficiently appear from the opinion of the court below, as follows :

On March 2, 1897, by virtue of a general warrant of attorney, judgment was entered by the prothonotary on the note in this case.    The note was entered on the day of its date.    It calls for the payment to the order of plaintiff of $500 in one year after its date, and is signed by the defendant by his mark.    The signature is attested by F. C. VanDusen.

On June 2, 1898, the defendant presented his petition to the court admitting the execution of the note, but denying that he owes the amount thereof or ought to pay the same.    The petition avers that the note is one of a series obtained from the defendant by fraudulent practices and means, but does not allege that the plaintiff is interested in said other notes or assisted in any way in procuring the defendant's signature to them.    The petitioner avers that he is over seventy-four years of age, was

seriously wounded in battle, that his health has not been good, and that at times he has been both physically and mentally too weak to take care of himself properly, and liable to be imposed upon to his own disadvantage. He further avers that the note was obtained from him and his signature was affixed thereto by threats and intimidation of Constable Charles M. Fee and by the unlawful influence of duress, threats and intimidation by one E. C. Rankin. Upon this petition, a rule was granted to show cause why the judgment should not be opened and the defendant be let into a defense, and all proceedings on the fi. fa. issued on said judgment were stayed until the disposition of the rule.

To this petition and rule, the plaintiff has filed an answer denying any unlawful conduct by him or any person in obtaining this note, and averring that the money was loaned to the defendant, and paid out by his direction and for his use and benefit.

[A large amount of testimony has been taken, and upon it and the petition and answer, the issue must be determined. Much of this testimony has no bearing on the issue and must be excluded in the consideration of the case.] [1]

The burden is on the defendant to show that the note was procured by unlawful means and without consideration. He admits the execution of the note.

It will be observed that there is no allegation in the petition that the plaintiff or his agent who negotiated the loan used any threats or unlawful influence on defendant, or had knowledge of any such influences in obtaining this note. The allegation is that Fee and Rankin were guilty of such conduct. It is not alleged, however, that the plaintiff or his agent had knowledge of such conduct on the part of said parties. [Nor is it averred in the petition that at the execution of the note the defendant was not competent to transact business. The general allegations as to his weakness of mind are not sufficient.] [2]

[But when we consider the competent testimony introduced by the parties, there is not a shadow of a reason for opening this judgment.] [3] Douglas and VanDusen both testify that they were present when the defendant executed the note; that no other persons were present; that no threats or intimidation or duress were used; that the defendant was fully aware of

what he was doing, and that the note was for the full considera-
tion of $500. It is also shown that the money was paid out by
checks on the indebtedness of the defendant, except $30.00, the
commission for negotiating the loan. The items of payment
were given in VanDusen's testimony, and there is no denial
that these payments were made as stated, except the general
allegation of the ignorance of the fact by the defendant.

In addition to this testimony as to the fairness of the transac-
tion, deputy sheriff Chick testified that when he called on the
defendant with the execution issued on this judgment, the de-
fendant told him " the judgment was all right, and he didn't
see why they were in such a hurry, that it was the first judg-
ment and they were safe." This was in March or April, 1898,
more than a year after the note had been given and the judg-
ment had been entered.

It is not our intention to take up these witnesses seriatim
and discuss their testimony. We deem it unnecessary.

[There is no evidence that would warrant the court or the
jury in finding that Sanner's mind was so much impaired that
he did not understand what he was doing when he executed the
note, or was at that time incapacitated for transacting such bus-
iness.] [4] He may have been disturbed about his financial
condition and his increasing indebtedness and was evidently
trying to conceal from his friends the fact that he had assumed
some liabilities. This is apparent from the testimony of Mr.
Collins. [But there is no testimony to justify the conclusion
that this note was given in ignorance or without a full compre-
hension of the facts. The testimony of the defendant to the
contrary is discredited and conclusively contradicted by the tes-
timony of Douglas, VanDusen and Chick. Being thus convicted
of testifying falsely in this respect by three reputable witnesses,
the defendant is likewise discredited as to the other material
parts of his testimony: Fisher v. King, 153 Pa. 4.] [5]

[The allegation that the sums paid to Augustine and Rankin
were on fraudulent claims and, hence, the defendant should not
account to the plaintiff for them, has no merit as a defense to
this judgment. It is not necessary to inquire here as to the
bona fides of the Augustine and Rankin claims. It is sufficient
to know that the defendant directed them to be paid and that
they were paid by his instructions without mala fides by Free-
man.] [6]

[We find that this loan was made by the plaintiff to Sanner at the latter's request, and that the judgment was given for a full consideration; that the money was all applied to Sanner's use under and by his direction, without any fraud, intimidation or threats on the part of the plaintiff, his agent or any other person acting for him or in his behalf; that at the time of the transaction, Sanner was competent to transact business and had full knowledge of what he was doing.] [7]

Under the facts found, we are of opinion that the judgment should not be disturbed, and hence this rule must be discharged.

The proper practice and measure of proof in applications of this character are fully discussed and determined in Appeal of Jenkintown Bank, 124 Pa. 337. The Chief Justice, delivering the opinion of the court, says : " The judge to whom the application is made acts as a chancellor, and upon appeal this court will only see that his discretion has been properly exercised. It is difficult to lay down the precise measure of proof which should move a chancellor to open a judgment. That he may not act unless there is more than an oath against oath, is a familiar rule in chancery practice. When there is more than this, and it comes to a question of the weight of the evidence, it is for him to decide to which side the scales incline. If he is in doubt upon this question, or as to the credibility of witnesses, a prudent course would suggest the aid of a jury. Subject to the foregoing, it is proper to say, that if the testimony taken on the rule would be sufficient to justify the submission of the question to a jury, the court may, in its discretion, make an order to open ; but if, on the testimony so taken, the court would set aside a verdict for the defendant, the court should refuse to open."

In Woods v. Irwin, 141 Pa. 278, 293, it is said, " The discretion of courts to open judgments is very extensive, but it must rest on a foundation of competent evidence."

Under our finding of facts, we are of opinion that the defendant has not brought himself within the well established rules applicable to such cases, and that this judgment should not be opened. On the evidence submitted, we could not sustain a verdict for the defendant. [The testimony of the defendant himself is not corroborated in its material parts, while the bona fides of the transaction on the part of the plaintiff are fully sustained by the evidence. The rule will be discharged.] [8]

[And now, September 5, 1898, after consideration and for the reasons set forth in the opinion herewith filed, it is ordered and directed that the rule to show cause why the judgment in this case should not be opened and the defendant be let into a defense be discharged at the cost of the defendant.] [9]

Defendant appealed.

*Errors assigned* were (1–8) to portions of the opinion of the court below, reciting same. (9) In making the order, refusing to open judgment.

*Edward Campbell*, for appellant.—If a judgment is by confession the creditor must prove it to be for a just debt. In this respect there is a distinction between a judgment obtained in due course of law and a judgment obtained by the consent of the debtor. The law presumes the former to be founded upon a valuable consideration and rendered for a just debt, but indulges no such presumption in favor of the latter: Sanders v. , Holt, 327; s. c. Skinner, 586; Botts v. Cozine, Hoff. Ch. 79; Brandt v. Stevenson, 3 Phila. 205; Woodworth v. Woodworth, 21 Barb. 343; Bump on Fraudulent Conveyance, sec. 586.

Where there is great weakness of mind and the consideration given is grossly inadequate, undue influence will be inferred: Griffith v. Godey, 113 U. S. 89; Worrall's Appeal, 110 Pa. 349.

*R. W. Dawson*, for appellee.—It is the duty of the court in applications to open judgments to determine the weight of the evidence and the credibility of the witnesses, and in the present case both of these points were decided adversely to the appellant.

It is to be presumed that the testimony on which the appellant relied to convince a jury was substantially adduced upon the rule and that the court had before it the appellant's case. The allegations were sufficient but the proof fell far short.

The court below properly refused to open this judgment.

If, on the testimony so taken, the court would set aside a verdict for the defendant, the court should refuse to open: Jenkintown Bank's Appeal, 124 Pa. 337.

The court below had unusual opportunity to judge of the merits of this case, for the witnesses who afterwards testified

upon the rule, Sanner, VanDusen and Chick, were sworn and their testimony heard by Judge MESTREZAT before he granted the rule.

It is proper for the court to weigh the evidence and decide according to the preponderance thereof, and this court will not reverse for the exercise of a sound discretion: Wernet's Appeal, 91 Pa. 319.

On proceedings to open judgments the courts may judge of the weight of the evidence and the credibility of the witnesses: Earley's Appeal, 90 Pa. 321; Hickernell's Appeal, 90 Pa. 328.

Finally, the bulk of the testimony introduced by the appellant is in regard to events occurring after the 2d day of March, 1897, the date of the execution of the note, events interesting enough in themselves but having nothing to do with this case.

OPINION BY SMITH, J., July 28, 1899:

In presenting an appeal to this court from the decision of the common pleas refusing to open a judgment, the appellant must show wherein the legal discretion vested in that tribunal has been abused.

It is a mistake to assume that this court will interfere with the judgment merely because part of the testimony submitted, considered apart from all the evidence offered, would warrant a reversal. It must clearly appear that the conclusion of the court below, based on all the testimony in the case, was erroneous. The right to decide whether a judgment shall be opened rests, in the first instance, with the common pleas, and the correctness of its decision is to be passed upon by the appellate court. Here the conclusion of the common pleas on the application to open the judgment is well supported by the weight of the evidence. The learned judge, in his opinion discharging the rule, says: " On the evidence submitted, we could not sustain a verdict for the defendant." With this view we fully concur after an examination of the notes of evidence sent here. The determination of the court below will not be set aside unless it plainly appears that error has been committed in the result thus reached. Here the discretion of the court appears to have been properly exercised. See Kistler v. Scheirer, 10 Pa. Superior Ct. 220.

Judgment affirmed.